Opinion issued September 3, 2009














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-00162-CR
____________

THEODORO MARTINEZ, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District court
Fort Bend County, Texas
  Trial Court Cause No. 37195



 
MEMORANDUM OPINION 
          Appellant, Theodoro Martinez, Jr.,


 pleaded guilty to the offense of
indecency with a child. Pursuant to a plea bargain agreement, the trial court
deferred adjudication of guilt, an d placed appellant on community supervision
for seven years. The State subsequently filed a motion to adjudicate guilt. After
a hearing, the trial court found true the allegations in the State’s motion. The
court found appellant guilty of the original charge, and sentenced him to
confinement for 15 years. Appellant filed timely notice of appeal. 
         We have abated this appeal on three separate occasions. We first abated
and remanded the case to the trial court because the complete record was not
timely filed. The case was abated and remanded a second time because
appellant’s brief was not timely filed. On March 12, 2009, we issued our third
order of abatement because no brief had been filed. Our third order of abatement
requested that the trial court determine whether or not appellant desired to pursue his
appeal and for the court to determine why no brief had been filed on appellant’s
behalf. 
          The trial court conducted a hearing, and on May 21, 2009 appointed counsel,
Cary Faden, to represent appellant. On May 27, 2009, during the period of our third
order of abatement, the State, with the agreement of appellant, filed a motion to re-open the punishment hearing in cause number 37195.


 The trial court granted the
motion and conducted a sentencing hearing on May 27, 2009. At the hearing, the
appellant was sentenced to confinement for six years and 116 days. On May 27,
2009, appellant waived his right of appeal in a document he signed and
acknowledged by swearing to its accuracy before the clerk of the court. The waiver
was in a document styled “Defendant’s waiver of right to appeal” that includes the
statement: I voluntarily waive my right to file a motion for new trial, a motion in
arrest of judgment, a notice of appeal, or any right to appeal that I may have in this
cause of action.”
          On June 2, 2009, appellant filed a motion to dismiss his appeal of the original
judgment and sentence in trial court cause number 37195. The motion does not
include the signature of appellant Martinez. See Tex. R. App. P. 42.2(a). However,
based on appellant’s expressed desire to forego pursuit of his appeal, as evidenced by
his May 27, 2009 agreement to re-sentencing and his written waiver of appeal, we
conclude that in accordance with Rule 2, good cause exists to suspend the signature
requirement of Rule 42.2(a). See Tex. R. App. P. 2. Accordingly, we reinstate the
appeal and grant the motion to dismiss.  
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Jennings, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2.